## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **T.P. and H.P.**

**No. 22-0231** (Pocahontas County 20-JA-10 and 20-JA-12)

## MEMORANDUM DECISION

Petitioner Father Z.P.[1] appeals the Circuit Court of Pocahontas County's March 11, 2022, order terminating his parental and custodial rights to T.P. and H.P.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R.A.P. 21.

In December of 2020, the Department of Health and Human Resources ("DHHR") filed a petition alleging that petitioner had abandoned the children in the care of inappropriate caregivers. The DHHR alleged that the children were cared for by their maternal grandparents who medically neglected and physically abused them. Then-five-year-old T.P. suffered from an infection in his face, which went untreated for several months resulting in substantial tissue loss around his nose and lips.[3] Then-seven-year-old H.P. was diagnosed with severe scoliosis for which the grandparents did not maintain regular appointments. Both children were malnourished and diagnosed with anemia. Another child in the home, who is not at issue in this appeal, was in remission from leukemia, for which the grandparents did not maintain scheduled medical appointments. Petitioner was a resident of Pennsylvania at all times relevant to these proceedings. In February of 2021, petitioner stipulated to the allegations in the petition, and the circuit court adjudicated him as an abusing parent. Petitioner was granted an improvement period in April of 2021 and later granted extensions to that improvement period.

---

[1]Petitioner appears by counsel R. Grady Ford. The West Virginia Department of Health and Human Resources appears by counsel Patrick Morrisey and Andrew Waight. Michael R. Whitt appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R.A.P. 40(e).

[3]T.P.'s treating physician would later describe T.P.'s injuries as the worst case of child abuse and neglect that did not result in the child's death that she personally witnessed in her fifteen-year career.

The circuit court held two dispositional hearings in December of 2021 and February of 2022 and issued an order terminating petitioner's parental rights to the children on March 4, 2022. In so doing, the court first considered the special needs of the children. It noted that T.P. had undergone major surgery to correct the preventable facial deformities that he suffered while in the care of his grandparents and may require additional surgery in the future. It also heard evidence that H.P. was required to wear a back brace twenty-three hours per day to correct her scoliosis and would need surgery in the coming years. The court reasoned that both children required a heightened level of care and supervision to ensure their needs were met.

The court also considered evidence that petitioner's relationship with the children was minimal prior to the filing of the petition. The mother testified that petitioner exercised care and custody of the children for a single month in 2016, when T.P. was "only six (6) months old." In 2017, petitioner was incarcerated in Pennsylvania for arson, fleeing, and possession of drug paraphernalia, and remained incarcerated until September of 2020, approximately three months prior to the filing of the petition, during which time petitioner had no contact with the children. The court heard evidence that petitioner was subject to the conditions of parole in Pennsylvania following his release and was involved with Pennsylvania's child protective services ("CPS") regarding his custody of another child, who is not at issue in this appeal. The evidence showed that petitioner was compliant with the terms of his parole during the proceedings and compliant with Pennsylvania's CPS requirements. Petitioner's other child was placed in his custody during these proceedings.

The circuit court found that petitioner did not substantially comply with the terms and conditions of his post-adjudicatory improvement period because he failed to participate in parenting and substance abuse evaluations, random drug screening,[4] and adult life skills or parenting classes related to children with special needs.[5] The evidence showed that petitioner was scheduled to visit the children once every two weeks, beginning in April of 2021, but petitioner did not engage in regular visitation with the children. The court noted that petitioner's travel was restricted due to the terms of his parole, but the evidence showed that he did not request permission to travel to West Virginia for visitation with the children until October of 2021. Petitioner attended only two in-person visitations with the children. Petitioner was also afforded scheduled telephone visitation with the children, which he admitted he often missed or canceled. As a result of petitioner's lack of contact with the children, they did not wish to have continued phone contact with him. Ultimately, the circuit court determined that petitioner failed to fully participate in his improvement period. Considering the lack of petitioner's participation

___

[4]The circuit court acknowledged that petitioner was participating in one drug screen per month as a condition of his parole in Pennsylvania but observed that those results were not produced to the court.

[5]The circuit court acknowledged that petitioner received parenting instruction in Pennsylvania but noted that the instruction was generalized parenting and not directed toward children with special needs.

and the children's placement in foster care for fourteen months during the proceedings, the court concluded that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future and that it was necessary for the children's welfare to terminate petitioner's parental and custodial rights. Petitioner now appeals the circuit court's order.[6]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner argues that the circuit court erred in terminating his parental rights rather than imposing a less-restrictive dispositional alternative, such as a post-dispositional improvement period.[7] We disagree. The circuit court found that petitioner failed to abide by the terms of his post-adjudicatory improvement period. While we acknowledge that petitioner participated in proceedings in Pennsylvania and was apparently successful with another child, it is clear that petitioner failed to foster a bond with the children involved in these proceedings. The record provides that petitioner did not request permission from his parole officer to travel to West Virginia until October of 2021, six months after the improvement period was granted, and visited the children only twice during the entirety of the proceedings. Moreover, petitioner admitted that he failed to maintain a telephone visitation schedule with the children, and "[w]e have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted).

Petitioner contends that he could form a bond with the children if granted additional time in an improvement period. However, we agree with the circuit court that petitioner's efforts in his post-adjudicatory improvement period did not warrant additional time. West Virginia Code § 49-4-610(9) restricts circuit courts from granting improvement periods that would result in the children being in foster care "more than fifteen months of the most recent twenty-two months, unless the court finds compelling circumstances by clear and convincing evidence that it is in the child's best interests to extend the time limits." Here, where the children had been in foster care for fourteen months at the time of the final dispositional hearing and petitioner failed to abide by a visitation schedule that was necessary to foster a bond between himself and the children, we find no error in the circuit court's denial of petitioner's motion for a post-dispositional improvement period.

---

[6]The mother's parental and custodial rights were also terminated below. According to the parties, the permanency plan for the children is adoption in their current placement.

[7]Petitioner filed a motion for a post-dispositional improvement period before the circuit court in December of 2021.

Further, we find no error in the circuit court's decision to terminate petitioner's parental and custodial rights. The court found that petitioner failed to follow through with a reasonable family case plan designed to remedy the conditions of neglect and abuse, which supports its finding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future. *See* W. Va. Code § 49-4-604(d)(3) (providing that there was no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when "the abusing parent . . . [has] not responded to or follow[ed] through with a reasonable family case plan"). The court's findings are fully supported by the record and were sufficient to terminate petitioner's parental and custodial rights. *See id.* § 49-4-604(c)(6) (authorizing the termination of parental rights upon such findings); *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that "[t]ermination of parental rights . . . may be employed . . . when it is found that there is no reasonable likelihood . . . that the conditions of neglect or abuse can be substantially corrected"). Accordingly, we find petitioner is entitled to no relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 11, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 26, 2022


**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn